# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

ROBERT DAVIS, and
D. ETTA WILCOXON,

**Case No. 17-cv-11742**

Plaintiffs,

**HON. MARK A. GOLDSMITH**

-v-

DETROIT DOWNTOWN DEVELOPMENT
AUTHORITY, DETROIT BROWNFIELD
REDEVELOPMENT AUTHORITY, DETROIT CITY COUNCIL,
ERIC SABREE, in his official capacity as the duly elected Wayne County
Treasurer, CHRISTA MCCLELLAN, in her official capacity as Treasurer of the
City of Detroit, MIKE DUGGAN, in his official capacity as the Chair of the
Downtown Development Authority Board of Directors, and
THOMAS LEWAND, in his official capacity as stand-in Chair of the Downtown
Development Authority Board of Directors,

Defendants.

---

**PATERSON LAW OFFICE**
Andrew A. Paterson (P18690)
Attorney for Plaintiffs
2893 E. Eisenhower Pkwy
Ann Arbor, MI 48108
Tel: (248) 568-9712
Aap43@hotmail.com

**KOTZ SANGSTER WYSOCKI P.C.**
Jeffrey M. Sangster (P30791)
R. Edward Boucher (P57251)
Dennis K. Egan (P29116)
Anthony M. Sciara (P75778)
Tyler P. Phillips (P78280)
Attorneys for DDA and BRA

**FINK + ASSOCIATES LAW**
David H. Fink (P28235)
Darryl Bressack (P67820)
Nathan J. Fink (P75185)
Attorneys for DDA, BRA, Mike Duggan
and Thomas Lewand
38500 Woodward Ave., Ste. 350
Bloomfield Hills, MI 48304
Tel: (248) 971-2500
dfink@finkandassociateslaw.com
dbressack@finkandassociateslaw.com
nfink@finkandassociateslaw.com

**CITY OF DETROIT, LAW DEPT.**
Charles N. Raimi (P29746)

400 Renaissance Center, Suite 3400
Detroit, MI 48243
Tel.: (313) 259-8300
jsangster@kotzsangster.com
rboucher@kotzsangster.com
degan@kotzsangster.com
asciara@kotzsangster.com
tphillips@kotzsangster.com

James D. Noseda (P52563)
Attorneys for Detroit City Council and
Christa McClellan
2 Woodward Ave., Suite 500
Detroit, MI 48226
Tel: (313) 237-5037
raimic@detroitmi.gov
nosej@detroitmi.gov

**WAYNE COUNTY CORPORATION
COUNSEL**
Jacob S. Ghannam (P30572)
Attorneys for Eric Sabree, Wayne
County Treasurer
400 Monroe Street; Suite 660
Detroit, MI 48226
Tel: (313) 224-6671
jghannam@waynecounty.com

---

**REPLY IN SUPPORT OF DETROIT DOWNTOWN DEVELOPMENT
AUTHORITY AND DETROIT BROWNFIELD REDEVELOPMENT
AUTHORITY'S MOTION FOR AN ORDER TO SHOW CAUSE AS TO
WHY PLAINTIFFS' COUNSEL ANDREW PATERSON SHOULD NOT BE
HELD IN CONTEMPT OF COURT FOR FAILURE TO COMPLY WITH
THE COURT'S OPINION & ORDER IMPOSING SANCTIONS**

"We begin with the basic proposition that all orders and judgments of
courts must be complied with promptly. If a person to whom
a court directs an order believes that order is incorrect the remedy is to
appeal, but, absent a stay, he must comply promptly with the order
pending appeal. Persons who make private determinations of the law
and refuse to obey an order generally risk criminal contempt even if the
order is ultimately ruled incorrect."

*Maness v. Meyers*, 419 U.S. 449, 458 (1975)

1

## **ARGUMENT**

Throughout this case, the Plaintiffs and their counsel have repeatedly ignored the rules controlling these proceedings. Late filings, briefs in excess of page limits, arguments untethered by the law and facts and false *ad hominem* attacks have been the norm. But, Plaintiffs' counsel has now shown a new type of disrespect for this Court that must be effectively sanctioned. Plaintiffs' counsel, Andrew Paterson, freely admits that he is in direct violation of a definite and specific order of this Court, which required him to pay $13,506.00 to the DDA/BRA Defendants by November 27, 2018. (Dkt. No. 107). Incredibly, Mr. Paterson, who now claims that he lacks the financial capacity to pay the ordered sanction, never advised the Court of his financial limitations, never asked this Court to modify its ruling, never sought a stay of the Opinion and Order Imposing Sanctions ("Order"),[1] and never advised opposing counsel of his intention to ignore the Court's Order.

---

[1] On December 7, 2018, after the DDA/BRA Defendants filed their Motion for Order to Show Cause, Mr. Paterson contacted the undersigned with the following request for concurrence: "Counsel: I will be filing a motion for stay of Judge Goldsmith's sanction order pending appeal. Will you concur in the relief sought? Please advise. Drew Paterson." Concurrence was denied, and four weeks later no such motion has been filed.

The principle that, in the absence of a stay, a court's orders must be honored is one of the fundamental underpinnings of the rule of law. In *Maness v Meyers,* the Supreme Court stated this rule clearly:

> If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal.

419 U.S. 449, 458 (1975). That principle is even more applicable when an order is addressed to an attorney.

Here, the Court, when advised of Mr. Paterson's failure to honor this Court's Order, ordered Mr. Paterson to show cause why he should not be held in contempt of court. (Dkt. No. 112). Once a party has shown, by clear and convincing evidence, that a person has violated a "definite and specific" court order, the burden shifts to the contemnor to show cause for his noncompliance. *Elec. Workers Pension Tr. Fund of Local Union #58*, *IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 384 (6th Cir. 2003). Mr. Paterson's Response is woefully inadequate and fails to provide any reasonable explanation for his failure to comply with this Court's Order.

Mr. Paterson argues in his Response that he is "presently unable to pay" the sanctions award. (Dkt. No. 113, PageID.3472). Importantly, he never made such an argument until after he violated this Court's sanctions Order and after the DDA/BRA Defendants were forced to file yet another motion. Mr. Paterson simply ignored the

Court's Order to pay by November 27, 2018. Strangely, Mr. Paterson attempts to shift the burden of compliance, arguing that the DDA/BRA Defendants should have given him "an opportunity…to possibly enter into a monthly payment plan…." *Id.* Mr. Paterson relies on *Gascho v. Global Fitness Holdings*, 875 F.3d 795 (6th Cir. 2017) to support his defense that because he claims it is impossible to comply with the Court's Order, the Court should not hold him in contempt. *Id.* at PageID.3474. However, Mr. Paterson omits the *Gascho* court's description of impossibility. To show impossibility, a contemnor must show that "(1) [he] was unable to comply with the court's order, (2) [his] inability to comply was not self-induced, and (3) [he] took all reasonable steps to comply." *Gascho*, 875 F.3d at 802 (quotation marks and citation omitted). Here, Mr. Paterson has failed to demonstrate the impossibility of compliance. He submitted a generic affidavit claiming that he does not "possess assets that could fund" payment of the sanctions award. (Dkt. No. 113-1, PageID.3477). This is insufficient to avoid contempt. *See Cent. States, Se. & Sw. Areas Health & Welfare Fund v. Lewis*, 745 F.3d 283, 287 (7th Cir. 2014) (internal citations omitted) ("[A] mere assertion of inability to pay made in an affidavit (and thus under oath) [does not] preclude[] a finding of contempt….Few judgments would be paid were that the rule.  It's true that if a sworn assertion of inability to pay is false the affiant can be prosecuted for perjury.  But the likelihood of prosecution for perjury committed in a civil suit is slight.")

Moreover, Mr. Paterson has failed to show that he took *any* reasonable steps to comply with the Court's Order. Indeed, he simply ignored the Order; he did nothing to advise the Court or counsel, nor did he take any steps to establish impossibility of compliance during the 19 days between entry of the Order on November 6, 2018, and November 27, 2018, when the payment was due.

In a sanctions proceeding the burden is on the party being sanctioned to produce evidence of its inability to pay. *Ortman v. Thomas*, 906 F. Supp. 416, 421 (E.D. Mich. 1995). At no point during the months-long sanctions proceeding did the Plaintiffs present evidence (or even offer arguments) regarding Mr. Paterson's inability to pay a sanctions award. In fact, Mr. Paterson maintained his silence regarding his alleged inability to pay in nine briefs[2] filed regarding the requested sanctions. Then Mr. Paterson remained silent after the Order was entered. Apparently based upon his personal, subjective determination that he lacked the ability to pay the awarded sanctions, he simply disregarded this Court's Order. He never sought relief or guidance from the Court, and he never notified the Defendants of his alleged inability to pay.

The purpose of court-ordered sanctions is to both deter bad conduct and compensate other parties for the cost of dealing with that conduct. *United States v.*

---

[2] *See, e.g.*, Dkt. Nos. 58, 62, 78, 80, 89, 96, 97, 103, and 105. Dkt. Nos. 89, 96, and 103 were stricken by the Court.

*United Mine Workers of Am.*, 330 U.S. 258, 303–04 (1947). Allowing Mr. Paterson to violate this Court's Order by a belated and unsupported argument of indigence would frustrate both purposes.

If courts excuse attorney contemnors' failures to comply with court-ordered sanctions because of a delayed claim of an inability to pay, it would be nearly impossible to hold indigent attorneys accountable for filing frivolous claims and leave little incentive for them to respect the Court's rules or rulings. Attorneys claiming indigency would have a license to file frivolous claims in hopes of pressuring defendants to settle rather than pay the cost of defending against those claims, knowing they could then ignore any monetary sanctions. This would defeat sanctions' purpose of deterring poor conduct and bar any recourse for defendants forced to shoulder the cost of defending against frivolous claims. Therefore, in order to preserve the purpose and efficacy of sanctions, this Court should find Mr. Paterson in contempt.

The Supreme Court has been clear on the appropriate consequences for this type of disrespect for the law. "Persons who make private determinations of the law and refuse to obey an order generally risk criminal contempt even if the order is ultimately ruled incorrect." *Maness*, 419 U.S. at 458.

Because economic penalties have been ineffective in sanctioning counsel, the DDA/BRA Defendants suggest that the Court could consider either criminal

contempt, or an order barring counsel from practicing law in the United States District Court for the Eastern District of Michigan.

## CONCLUSION

The Plaintiffs and Mr. Paterson have not shown sufficient cause for Mr. Paterson's violation of this Court's Order. The Court should therefore find Mr. Paterson in contempt.

Dated: January 4, 2019                    Respectfully submitted,

**KOTZ SANGSTER WYSOCKI P.C.**          **FINK + ASSOCIATES LAW**

Jeffrey M. Sangster (P30791)            /s/ David H. Fink
R. Edward Boucher (P57251)              David H. Fink (P28235)
Dennis K. Egan (P29116)                 Darryl Bressack (P67820)
Anthony M. Sciara (P75778)              Nathan J. Fink (P75185)
Tyler P. Phillips (P78280)              Attorneys for DDA, BRA, Mike Duggan
Attorneys for DDA and BRA               and Thomas Lewand
400 Renaissance Center, Suite 3400      38500 Woodward Ave., Ste. 350
Detroit, MI 48243                       Bloomfield Hills, MI 48304
Tel: (313) 259-8300                     Tel: (248) 971-2500
jsangster@kotzsangster.com              dfink@finkandassociateslaw.com
degan@kotzsangster.com                  dbressack@finkandassociateslaw.com
rboucher@kotzsangster.com               nfink@finkandassociateslaw.com
asciara@kotzsangster.com
tphillips@kotzsangster.com

## CERTIFICATION REQUIREMENTS

I, Nathan J. Fink, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

## CERTIFICATE OF SERVICE

I hereby certify that on January 4, 2019, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send such notification to all ECF attorneys of record.

FINK + ASSOCIATES LAW

By:    /s/ Nathan J. Fink
       Nathan J. Fink (P75185)
       38500 Woodward Ave.; Suite 350
       Bloomfield Hills, Michigan 48304
       Tel: (248) 971-2500
       nfink@finkandassociateslaw.com