UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT DAVIS, et al.,

      Plaintiffs,

vs.

DETROIT DOWNTOWN
DEVELOPMENT AUTHORITY, et al.,

      Defendants.
_____/

Case No. 17-cv-11742
Hon. Mark A. Goldsmith

**OPINION & ORDER
DENYING PLAINTIFFS' COUNSEL'S MOTION FOR AN ORDER TO
SHOW CAUSE WHY DEFENSE COUNSEL SHOULD NOT BE HELD IN CIVIL
CONTEMPT (Dkt. 133)**

This matter is before the Court on Plaintiffs' attorney Andrew Paterson's motion for an order to show cause why defense counsel should not be held in civil contempt (Dkt. 133). Defense counsel have responded to the motion (Dkts. 134, 137), but Paterson has not filed a reply. Because oral argument will not assist in the decisional process, the motion will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b). For the reasons that follow, the Court denies Paterson's motion.

**I. BACKGROUND**

On November 6, 2018, this Court entered an opinion and order imposing sanctions against Paterson, ordering him to pay $13,506.00 in attorneys' fees and costs to Defendants by November 27, 2018. 11/6/18 Op. & Order (Dkt. 107). Paterson did not pay the sanctions by this deadline, nor did he attempt to seek relief from the Court's order. After Defendants filed a motion for a show cause order, which the Court granted, see 12/14/18 Order (Dkt. 112), Paterson responded to the order by claiming, for the first time, that he did not have the funds to pay the sanctions ordered,

see Resp. to Order to Show Cause (Dkt. 113). Following a contempt hearing, the Court issued an order permitting Defendants to take discovery regarding Paterson's ability to pay the sanctions. See 4/12/19 Order (Dkt. 116). On May 6, 2019, one week after Defendants served him with discovery requests, Paterson made a lump-sum payment of $13,506.00 to Defendants. See Satisfaction of Judgment (Dkt. 117).

Defendants thereafter filed a motion seeking sanctions against Paterson and requesting discovery regarding Paterson's ability to pay the sanctions during his six-month period of noncompliance. Defs. Mot. for Sanctions (Dkt. 125). On March 3, 2020, the Court granted Defendants' request to conduct discovery and denied the motion without prejudice with respect to whether sanctions should be imposed (the "March 3 Order"). 3/3/20 Order at 1 (Dkt. 131). Specifically, the Court authorized discovery as follows:

> Defendants . . . . may issue document requests, to which Mr. Paterson must respond and produce documents within ten days of being served. They may also serve third-party subpoenas and require that Mr. Paterson undergo a creditor's examination. Defendants' discovery may seek any and all information and records pertaining to Mr. Paterson's financial condition as to assets, liabilities, income and expenses, going back three years, including without limitation, tax returns, related tax documents, financial journals and ledgers, credit card and bank statements, and real property records. The requests may encompass both his personal records and the records of any trust of which he is a beneficiary and any business entity in which he is a principal, partner or shareholder.

Id. at 3-4.

Paterson has now filed a motion seeking an order to show cause why defense counsel should not be held in civil contempt for exceeding the scope of permitted discovery. Mot. at 4, 7. In response, defense counsel explain the basis for their discovery requests and contend that the discovery is well within the scope of the Court's order. Resp. at 6-7.

## II.  STANDARD OF REVIEW

"The contempt power ensures that the judiciary's mandates are authoritative rather than advisory."  Gascho v. Global Fitness Holdings, LLC, 875 F.3d 795, 798 (6th Cir. 2017).  A party seeking civil contempt sanctions "must demonstrate by clear and convincing evidence that the opposing party knowingly 'violated a definite and specific order of the court.'"  Id. at 800 (quoting NLRB v. Cincinnati Bronze, Inc., 829 F.2d 585, 591 (6th Cir. 1987)).  Requiring that an order be definite and specific ensures that contempt cannot be premised on a vague decree.  Id.  Rather, contempt is to be reserved for parties "who 'fully understand[ ]' the meaning of a court order and yet 'choose[ ] to ignore its mandate.'"  Id. (quoting Int'l Longshoremen's Ass'n, Local 1291 v. Phila. Marine Trade Ass'n, 389 U.S. 64, 76 (1967)).  Accordingly, any ambiguity in an order must be construed in favor of the party charged with contempt.  Id.

## III.  DISCUSSION

Paterson contends that the discovery sought by defense counsel exceeds the scope of discovery authorized in the Court's March 3 Order in three respects: (i) by seeking production of documents going back more than three years, (ii) by seeking production of documents regarding Paterson's future interests, and (iii) by issuing a subpoena to MUFG Union Bank seeking documents regarding Paterson's wife.  Mot. at 4-5, 7.  Defense counsel, in turn, respond that contempt sanctions are not warranted, as they had a reasonable basis for these discovery requests.  Resp. at 6-7; Supp. Br. at 2-3 (Dkt. 137).  Defense counsel have the better part of the argument.

First, on March 19, 2020, defense counsel served on Paterson requests for production seeking various documents dating back over four years, "from November 27, 2015 to the present."  See generally Requests for Production, Ex. 1 to Resp. (Dkt. 134-1).  As stated above, the March 3 Order authorized discovery regarding "Paterson's financial condition as to assets, liabilities,

3

income and expenses, <u>going back three years</u> . . . ." 3/3/20 Order at 3 (emphasis added). Thus, Paterson contends that defense counsel seek documents outside this three-year timeframe. Mot. at 4.

But as argued by defense counsel, the March 3 Order did not specify the date from which discovery would "go[] back three years." Resp. at 7. As a result, defense counsel interpreted the March 3 Order as authorizing discovery "going back three years" from November 27, 2018, the date on which Paterson failed to comply with the Court's deadline to pay the sanctions. <u>See id.</u> Defense counsel's interpretation was correct. The three-year period was designed to give a full view of Paterson's financial wherewithal at the time he failed to pay sanctions; running that period from the date of the March 3 Order would not serve that purpose. Under the facts of the case, defense counsel's interpretation of the March 3 Order was both correct and reasonable. Therefore, they did not disregard the order, and a finding of contempt is not justified.

Second, defense counsel's requests for production sought documents relating to any future interest Paterson might have in property or the payment of money. <u>See</u> Requests for Production at 12. Paterson contends that this request was improper because it sought information outside the three-year timeframe authorized in the March 3 Order. Pl. Mot. at 5.

Defense counsel respond that the request is relevant to Paterson's present financial status because "a future interest in real property or the payment of money is an asset that can be sold, pledged or used as collateral to obtain cash." Supp. Br. at 2 (citing <u>United States v. Holland</u>, 953 F.3d 397, 399 (6th Cir. 2020) (noting that the defendant executed a transaction converting his interest in future royalty payments into a present lump-sum of cash)). The Court agrees that an inquiry into Paterson's future interests is relevant to his present financial condition and is proper under the March 3 Order, which broadly authorized discovery regarding Paterson's financial

4

condition as to assets, liabilities, income, and expenses. Courts have traditionally assigned a "broad scope" to orders, such as the March 3 Order, that authorize a creditor's examination. See Comerica Bank v. Esshaki, 314 F. Supp. 3d 832, 833 (E.D. Mich. 2018). Accordingly, defense counsel's discovery request does not merit a finding of civil contempt.

Finally, with respect to the subpoena issued to MUFG Union Bank ("MUFG"), defense counsel requested documents relating to "any wire transfers, checks, bank drafts and/or transfers" from MUFG to Paterson's wife, within the last three years. See Notice of Subpoena (Dkt. 132). Paterson contends that documents relating to transfers to his wife's account are plainly beyond the scope of the March 3 Order permitting discovery into his own financial condition. Mot. at 7-8.

According to defense counsel, Paterson's bank records showed that he made large, monthly wire transfers to his wife's account. Resp. at 4, 8. Additionally, a large transfer was made from an MUFG bank account to Paterson's account in April 2019, just prior to Paterson's payment of $13,506.00 in sanctions to Defendants. Id. In light of this information, defense counsel seek information regarding transfers from MUFG to Paterson's wife in order to discern whether she is receiving transfers from the same sources as Paterson. Id. at 8. Specifically, Defendants seek to discover whether Paterson is hiding assets by requiring his debtors to remit payments to his wife. Id.

Defense counsel's explanation regarding the relevance of the information requested in the MUFG subpoena is reasonable. Indeed, Paterson offers no argument in rebuttal. Consequently, defense counsel have not requested discovery outside the permissible scope set forth in the March 3 Order. A finding of contempt is, therefore, not warranted on this basis.

Even if defense counsel's discovery requests and subpoena had exceeded the scope of the March 3 Order, Paterson's invocation of contempt proceedings was litigation overkill. The proper

5

and less drastic avenue for challenging overly broad discovery requests would have been to seek a protective order. See Fed. R. Civ. P. 26(c). A disagreement about the scope of a court order could have easily been addressed by asking the court itself to clarify the issue. Escalating the disagreement into a contempt proceeding only draws into question Paterson's own good faith and judgment.

    Paterson's motion is denied.

    SO ORDERED.

Dated: June 11, 2020                                      s/Mark A. Goldsmith  
      Detroit, Michigan                             MARK A. GOLDSMITH  
                                                              United States District Judge